UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 26-CV-60913-DMM

HEATHER SPELL and
CARLA JOZA,

      PLAINTIFFS,

v.

RESCOL RECOVERY SOLUTIONS, LLC
and TAYLOR N. HATCH *in her*
*official capacity* AS SECRETARY OF THE
DEPARTMENT OF CHILDREN AND
FAMILIES, and THE DAVID LAWRENCE
CENTER

      DEFENDANTS.

_____

## **DEFENDANT'S PARTIAL MOTION TO DISMISS**

Defendant, THE DAVID LAWRENCE CENTER ("DLC") by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, hereby files this Motion to Dismiss as to Counts 1, 3, 4, and 5 of Plaintiff's Amended Complaint as to the causes of action asserted by Carla Joza ("Plaintiff Joza"), and as to Count 5 of Plaintiffs' Amended Complaint as to the cause of action asserted by Heather Spell ("Plaintiff Spell") and as grounds therefore states as follows:

CASE NO.: 26-60913-CV-MIDDLEBROOKS

## MEMORANDUM OF LAW

### I.    INTRODUCTION

This case arises from the provision of mental health services to Plaintiff Heather Spell, who is deaf. The Amended Complaint spans more than one hundred pages and details Plaintiff Spell's repeated admissions to various treatment facilities and her dissatisfaction with the accommodations provided during those admissions. While those allegations may bear on Plaintiff Spell's claims, they do not establish a viable cause of action for Plaintiff Carla Joza.

Plaintiff Carla Joza is not alleged to be disabled and does not claim to have sought or received treatment or services from Defendant DLC in her own right. Instead, her claims are based entirely on her status as Plaintiff Spell's mother and her role in advocating for her daughter's care. The Amended Complaint makes clear that Plaintiff Joza's alleged injuries arise from the burdens associated with that advocacy—namely, coordinating interpreters, communicating with providers, and assisting her daughter in navigating the mental health system. These allegations, even if accepted as true, do not satisfy the legal requirements for associational discrimination under the Americans with Disabilities Act, the Rehabilitation Act, or the Affordable Care Act. Controlling Eleventh Circuit precedent holds that a non-disabled plaintiff may recover only if she was

personally excluded from participation in, denied the benefits of, or subjected to discrimination in a program or service because of her association with a disabled individual. Plaintiff Joza does not—and cannot—allege such facts. Instead, the Amended Complaint repeatedly confirms that she was able to communicate with providers, advocate for her daughter, and remain involved in her daughter's care.

Ultimately, Plaintiff Joza seeks to recover for the stress, inconvenience, and emotional burden associated with assisting a disabled family member. While those circumstances may be sympathetic, they are not actionable under the statutes invoked. Allowing these claims to proceed would improperly expand statutory liability beyond its intended scope and effectively transform every family member of a disabled individual into a potential plaintiff—an outcome expressly rejected by the Eleventh Circuit. For these reasons, and as set forth more fully below, Plaintiff Joza has failed to state a claim upon which relief can be granted, and all claims asserted by her should be dismissed with prejudice.

## II.   LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Misquith v. Borrego*, 2022 WL 782545, at *2 (S.D. Fla. Mar. 15, 2022) (dismissing complaint), *aff'd*, 2023

WL 2156635 (11th Cir. Feb. 22, 2023). Although this pleading standard does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bohringer v. Bayview Loan Servicing, LLC*, 141 F. Supp. 3d 1229, 1231 (S.D. Fla. 2015) (quoting *Twombly*, 550 U.S. at 555). "Pleadings must contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In other words, a complaint must plead "factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). ""Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Buchanan v. Delta Air Lines, Inc.*, 727 Fed. Appx. 639, 641 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, if the factual allegations in the Complaint "do not permit the court to infer more than the mere possibility of misconduct" the plaintiff has not shown that he is entitled to relief, and the Complaint must be dismissed. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see Beeker v. City of Miami Beach*, 2022 WL 1184766, at *2 (S.D. Fla. April 21, 2022) (dismissing complaint).

## III.   ARGUMENT

a. <u>Plaintiff, Carla Joza, fails to state a claim for Violations of Title III of the Americans with Disabilities Act.</u>

Plaintiff Joza fails to state a viable claim for violations of Title III of the Americans with Disabilities Act ("ADA"), and therefore, her claim should be dismissed with prejudice. Plaintiff Joza does not allege that she is disabled; instead, she brings forth this claim based on her association with a disabled person – Plaintiff Spell. According to the relevant code cited by Plaintiff Joza, 42 U.S.C. 12182 (b)(1)(E), it is discriminatory to "exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E).

The Eleventh Circuit Court of Appeals grappled with the application of this very statute in *McCullum v. Orlando Regional Healthcare System, Inc.*, and ultimately affirmed the dismissal with prejudice of the associational claims. In that case, a deaf minor's parents brought a disability discrimination lawsuit individually and on behalf of the deaf minor. *McCullum v. Orlando Regional Healthcare System, Inc.*, 768 F.3d 1135 (11th Cir. 2014). The staff at defendant healthcare system believed that they had taken appropriate steps to communicate effectively with the deaf minor while in their care, but he was not provided with a professionally trained

sign language interpreter. The district court dismissed with prejudice the claims asserted by the deaf minor's parents and sister for lack of standing. *Id.* at 1141. The parents appealed, contending that the district court erred when it determined that they did not have standing to assert claims for associational discrimination under the ADA. *Id.*

The appellate court ruled on the threshold for associational standing under the ADA: non-disabled persons have standing to seek relief under the ADA only if they allege that they were **personally** excluded, **personally** denied benefits, or **personally** discriminated against because of their association with a disabled person. *Id.* at 1143 (emphasis added). The court outright rejected the contention that non-disabled individuals may seek relief under the ADA for injuries other than exclusion, denial of benefits, or discrimination that they themselves may suffer and reasoned that, if that were correct, "it would mean that Congress granted non-disabled person more rights under the ADA . . . that it granted to disabled persons, who can recover only if they are personally excluded, denied benefits, or discriminated against on the basis of their disability. *Id.* at 1143-44.

Nowhere in the Amended Complaint does Plaintiff Joza plausibly allege that she was personally excluded from, denied access to, or treated unequally with respect to any goods, services, or accommodations provided by DLC. Rather, the

allegations consistently center on the medical care and treatment provided to Plaintiff Spell, with Joza's alleged injures arising only form her role as parent and advocate. Am. Compl. ¶¶ 217, 266, 393. The Amended Complaint explicitly characterizes Plaintiff Joza's alleged injury as arising from the burden of advocating for her daughter and coordinating accommodations on her behalf. Am. Compl. ¶¶ 112, 134–136, 317, 421–422, 437, 456, 469. These allegations describe caregiving burden and derivative harm—not exclusion from participation in, denial of benefits of, or discrimination under any program or activity—and therefore fail to state a claim as a matter of law. Plaintiff Joza alleges that she experienced frustration communicating with providers, difficulty advocating for her daughter, and emotional distress associated with witnessing her daughter's treatment and repeated hospitalizations. Am. Compl. ¶¶ 134–136, 217, 393, 555. However, these allegations are derivative in nature and do not constitute actionable discrimination under 42 U.S.C. § 12182(b)(1)(E). As the Eleventh Circuit made clear in *McCullum*, the statute does not permit recovery for such indirect harms; instead, it requires that the non-disabled plaintiff herself be the object of discriminatory conduct. Here, there are no allegations that DLC refused to communicate with Joza, denied her entry or participation, excluded her from

services, or otherwise took any adverse action directed at her because of her association with Plaintiff Spell. Am. Compl. ¶¶ 112, 229, 317, 365–369, 381–386

Allowing Plaintiff Joza's claims to proceed on these facts would impermissibly expand Title III beyond its statutory boundaries by effectively permitting recovery for any individual who experiences emotional or practical burdens associated with a disabled person's care, regardless of whether that individual was personally subjected to discrimination. This is precisely the result rejected by the Eleventh Circuit in *McCullum*, which emphasized that the ADA does not confer broader rights on non-disabled individuals than on disabled persons themselves. Accordingly, because the Amended Complaint fails to allege that Plaintiff Joza was personally excluded, denied benefits, or discriminated against by DLC because of her association with a disabled individual, her claim under 42 U.S.C. § 12182(b)(1)(E) fails as a matter of law and should be dismissed with prejudice.

b.  Plaintiff, Carla Joza, fails to state a claim for Violations of Section 504 of the Rehabilitation Act of 1973, U.S.C. § 794.

Plaintiff Joza fails to state a viable claim for violations of Section 504 of the Rehabilitation Act of 1973, U.S.C. § 794 ("RA"), and her claim should therefore be dismissed with prejudice. According to the Amended Complaint, Plaintiff Joza provides the relevant portion of Section 504. "No otherwise qualified individual

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

with a disability in the United States, as defined in the Section 705 (20) of this title, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal finance assistance."

This cause of action fails for the same purpose that Count I failed. The Eleventh Circuit Court in *McCullum* ruled that, "the threshold for associational standing under both the RA and the ADA is the same: non-disabled persons have standing to seek relief under either statute only if they allege that they were personally excluded, personally denied benefits, or personally discriminated against because of their association with a disabled person." *McCullum v. Orlando Regional Healthcare System, Inc.*, 768 F.3d 1135, 1143 (11th Cir. 2014). The Court ruled that the RA was meant to ensure that no otherwise qualified individual with a disability shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity. *Id.* The Court there again rejected the contention that non-disabled individuals may seek relief under the RA for injuries other than exclusion, denial of benefits, or discrimination that they themselves suffer. *Id.*

Despite this controlling authority, Plaintiff Joza again fails to allege facts sufficient to satisfy the threshold requirements for associational standing under

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

the RA. Although the Amended Complaint conclusorily asserts that Plaintiff Joza "was personally excluded, personally denied benefits, or personally discriminated" based on her association with a disabled person, that allegation is purely conclusory and unsupported by the factual allegations pled throughout. The actual factual allegations concerning Plaintiff Joza confirm that she did not suffer any direct discrimination by DLC. The Amended Complaint explicitly characterizes Plaintiff Joza's alleged injury as arising from the burden of advocating for her daughter and coordinating accommodations on her behalf. Am. Compl. ¶¶ 112, 134–136, 317, 421–422, 437, 456, 469. These allegations describe caregiving burden and derivative harm—not exclusion from participation in, denial of benefits of, or discrimination under any program or activity—and therefore fail to state a claim as a matter of law. The Amended Complaint repeatedly alleges that Joza acted as an advocate for her daughter, communicated concerns to providers, and attempted to secure accommodations on Plaintiff Spell's behalf. Am. Compl. ¶¶ 112, 134–136, 317, 421–422, 437, 456, 469. For example, Plaintiff alleges that Joza spoke with DLC staff about communication deficiencies and requested interpreters (¶¶ 134–136), filed complaints (¶ 138), and repeatedly attempted to coordinate accommodations and services for her daughter (¶¶ 421–422, 437, 456, 469). These allegations demonstrate only that Joza

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

was advocating for another individual—not that she was herself denied access to any program or service.

Similarly, the Amended Complaint alleges that Joza experienced frustration, emotional burden, and difficulty communicating with her daughter due to the alleged lack of a videophone or interpreters. Am. Compl. ¶¶ 135, 169–172, 217, 393, 544, 555. For instance, Plaintiffs allege that Joza was "unable to make or receive phone calls" from her daughter in the same manner as others (¶ 135), and that she was forced to expend time and effort advocating for accommodations while managing personal responsibilities (¶¶ 217, 437). However, these allegations describe derivative harms arising from Plaintiff Spell's treatment, not discrimination directed at Joza herself. The only allegations arguably touching on Joza personally involve her being required to assist in securing interpreters or being burdened by the lack of accommodations provided to her daughter. Am. Compl. ¶¶ 421–422, 448, 456. Even taking these allegations as true, they do not establish that Joza was excluded from participation in, denied the benefits of, or subjected to discrimination under any DLC program or activity. Rather, they show that Joza voluntarily undertook efforts to assist her daughter and that those efforts were burdensome. Under *McCullum*, such incidental burdens and inconveniences are insufficient as a matter of law.

11

Critically, the Amended Complaint does not allege that Plaintiff Joza sought to participate in any DLC program or service and was denied access, nor does it allege that DLC refused to provide her with services, excluded her from facilities, or treated her differently from similarly situated individuals because of her association with Plaintiff Spell. Am. Compl. ¶¶ 217, 266, 393. There are no factual allegations that Joza herself was a patient, participant, or beneficiary of DLC services, or that she was deprived of any benefit in her own right. Instead, all alleged injuries flow from the care provided to Plaintiff Spell and Joza's role as her mother and advocate.

Allowing Plaintiff Joza's claim to proceed on these allegations would impermissibly expand the Rehabilitation Act to cover any individual who experiences emotional distress, inconvenience, or advocacy burdens arising from a disabled person's care. This is precisely the interpretation rejected by the Eleventh Circuit in *McCullum*, which held that associational standing requires direct discrimination against the non-disabled plaintiff, not derivative harm.

Accordingly, because the Amended Complaint fails to allege that Plaintiff Joza was personally excluded from participation in, denied the benefits of, or subjected to discrimination under a DLC program or activity because of her

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

association with a disabled individual, her claim under Section 504 of the Rehabilitation Act fails as a matter of law and should be dismissed with prejudice.

       c. <u>Plaintiff, Carla Joza, fails to state a claim for Violations of Section 1557 of the Affordable Care Act.</u>

As was the case with Counts I and III, Plaintiff Joza's Count IV fails. To establish a violation, a plaintiff must meet three elements: (1) that the defendant is a covered entity – a health program or activity any part of which receives federal financial assistance, is administered by an executive agency, or is established under the ACA; (2) that the plaintiff was excluded from participation in, denied the benefits of, or subjected to discrimination under that covered program or activity; and (3) that the discrimination was on a ground prohibited by one of the four incorporated federal civil rights statutes – race, color, national origin, sex, age, or disability. *See* 42 U.S.C. § 18116. A plain reading of the statute is illustrative of Plaintiff Joza's deficient pleading. It states that, "an individual must not, on the basis of race, color, national origin, sex, age, disability, or any combination thereof, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under any health program or activity operated by a covered entity." 45 C.F.R. §92.101(a)(1). Section 92.209 provides that, "[a] covered entity must not exclude from participation in, deny the benefits of, or otherwise discriminate against an individual or entity in its health programs and activities

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

on the basis of the respective race, color, national origin, sex, age, or disability of the individual and another person with whom the individual or entity has a relationship or association." 45 C.F.R. § 92.209.

Courts analyzing disability discrimination claims under Section 1557 apply the same substantive standards as those governing claims under Section 504 of the Rehabilitation Act. See, e.g., *McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1143 (11th Cir. 2014) (holding that non-disabled individuals may sue only where they were personally excluded, denied benefits, or discriminated against). Although Plaintiff Joza recites the regulatory language permitting associational discrimination claims, the factual allegations do not support such a theory. Instead, the Amended Complaint makes clear that Plaintiff Joza's alleged involvement consisted of advocating on behalf of her daughter, communicating concerns to providers, and attempting to coordinate accommodations for Plaintiff Spell. Am. Compl. ¶¶ 112, 134–136, 317, 421–422, 437, 456, 469. These allegations confirm that Joza's role was that of a concerned parent—not a participant in, or beneficiary of, any healthcare program operated by DLC.

Similarly, the harms alleged by Joza consist of frustration, emotional distress, and difficulty communicating with her daughter due to the alleged lack of interpreters or videophone access. Am. Compl. ¶¶ 135, 217, 393, 555. For

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

example, Plaintiffs allege that Joza was unable to communicate with her daughter in the same manner as others and was burdened by her efforts to advocate for accommodations. *Id.* However, these allegations describe derivative injuries arising from the treatment of Plaintiff Spell, and do not establish that Joza herself was denied access to any service, excluded from any facility, or treated differently because of her association with a disabled individual.

The only allegations that arguably implicate Joza personally involve her efforts to secure interpreters or facilitate communication for her daughter. Am. Compl. ¶¶ 421–422, 448, 456. Even accepting these allegations as true, they do not satisfy the statutory requirement that the plaintiff be excluded from participation in, denied the benefits of, or subjected to discrimination in a covered health program or activity. At most, they demonstrate that Joza undertook burdensome advocacy efforts, which, as previously discussed, are insufficient as a matter of law. For the foregoing reasons, Plaintiff Joza's claims must be dismissed with prejudice.

d. <u>Plaintiff Joza fails to state a claim for Intentional Infliction of Emotional Distress.</u>

Plaintiff Joza is unable to allege a claim for intentional infliction of emotional distress. To prevail, a plaintiff must prove: (1) wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

have known that emotional distress would likely result; (2) conduct was outrageous – going beyond all bounds of decency and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; (4) the emotional distress was severe. *See Weiland v. Palm Beach County Sheriff's Office*, 2013 WL 12177021, at * 7 (S.D. Fla. May 16, 2013). For a defendant's conduct to qualify as "extreme and outrageous," it must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Metro. Life Ins. Co. v. McCarson*, 467 So.2d 277, 278 (Fla. 1985) (quoting Restatement (Second) of Torts § 46 cmt. D (1965)); *Vance v. S. Bell Tel. & Tel. Co.*, 983 F.2d 1573,1581 (11th Cir. 1993). Importantly, a family member who was not present when the allegedly outrageous conduct occurred, and was not the target of the allegedly outrageous conduct, has no cognizable claim for intentional infliction of emotional distress. *M.M. v. M.P.S.*, 556 So.2d 1140 (1989); *Johns Hopkins All Children's Hospital, Inc. v. Kowalski*, 425 So.3d 645 (2025)

Even accepting the allegations in the Amended Complaint as true, Plaintiff Joza fails to allege conduct that rises to the level of "extreme and outrageous" behavior required under Florida law. The allegations concerning DLC relate primarily to the alleged failure to provide certain requested accommodations to

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Plaintiff Spell, including the use of interpreters and communication tools, and to perceived deficiencies in the provision of mental health services. Such allegations, even if true, do not approach the exceedingly high threshold required to sustain a claim for intentional infliction of emotional distress.

Florida courts consistently hold that conduct must be truly egregious—"atrocious" and "utterly intolerable in a civilized community"—to be actionable, and routinely dismiss IIED claims at the pleading stage where the alleged conduct involves deficiencies in services, poor decision-making, or even insensitive behavior. See *Vance*, 983 F.2d at 1581 (affirming dismissal where conduct did not rise to the level of outrageousness required under Florida law). While Plaintiff Joza alleges that she experienced frustration, emotional distress, and burdens associated with advocating for her daughter, such allegations reflect derivative emotional harm, not conduct directed at Joza that is extreme or outrageous. Am. Compl. ¶¶ 134–136, 217, 421–422, 437, 456, 469.

Moreover, Plaintiff Joza's allegations arise entirely from her role as a family member attempting to advocate for another individual receiving medical and mental health treatment. Courts are particularly reluctant to impose IIED liability in this context, where the conduct at issue involves healthcare decisions, communication challenges, and the administration of services in an institutional

setting. Even assuming deficiencies in care or accommodation, such conduct falls well short of the type of behavior necessary to sustain an IIED claim.

Finally, the Amended Complaint does not plausibly allege that Plaintiff Joza suffered the type of severe emotional distress required to support this cause of action. Generalized allegations of frustration, stress, or emotional burden are insufficient as a matter of law to meet this demanding standard. Accordingly, because Plaintiff Joza fails to plausibly allege extreme and outrageous conduct directed at her, or severe emotional distress arising therefrom, her claim for intentional infliction of emotional distress should be dismissed with prejudice.

e. <u>Plaintiff Spell fails to state a claim for Intentional Infliction of Emotional Distress.</u>

Like Plaintiff Joza, Plaintiff Spell is unable to allege a claim for intentional infliction of emotional distress. To prevail, a plaintiff must prove: (1) wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) conduct was outrageous – going beyond all bounds of decency and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; (4) the emotional distress was severe. *See Weiland v. Palm Beach County Sheriff's Office*, 2013 WL 12177021, at * 7 (S.D. Fla. May 16, 2013). For a defendant's conduct to qualify as "extreme and outrageous," it must be "'so outrageous in character, and

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Metro. Life Ins. Co. v. McCarson*, 467 So.2d 277, 278 (Fla. 1985) (quoting Restatement (Second) of Torts § 46 cmt. D (1965)); *Vance v. S. Bell Tel. & Tel. Co.*, 983 F.2d 1573,1581 (11th Cir. 1993).

Even accepting the allegations in the Amended Complaint as true, Plaintiff Spell fails to allege conduct that is "extreme and outrageous". The allegations concerning DLC relate primarily to the alleged failure to provide certain accommodations—most notably, the use of interpreters and communication tools—and to perceived deficiencies in the provision of mental health treatment across multiple admissions. Am. Compl. ¶¶ 225–228, 241–242, 282–285, 306–307, 351–352, 460–462. Such allegations, even if taken as true, describe at most deficiencies in care, administrative failures, or negligence—not conduct that is "atrocious" or "utterly intolerable in a civilized community."

To the contrary, the factual allegations demonstrate that Defendants were actively engaged in providing ongoing mental health treatment to Plaintiff Spell across numerous facilities and admissions. Am. Compl. ¶¶ 222–286, 300–320, 335–360, 458–462. The gravamen of Plaintiff Spell's claim is that the accommodations provided were insufficient, ineffective, or inconsistent. However, allegations that

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

services were inadequate, improperly delivered, or even repeatedly unsuccessful do not transform such conduct into the type of outrageous behavior required to sustain an IIED claim.

Additionally, the Amended Complaint fails to plausibly allege the requisite intentional or reckless conduct. To establish liability, Plaintiff Spell must show that DLC either intended to cause severe emotional distress or acted with reckless disregard of the likelihood that such distress would result. The allegations here instead reflect ongoing attempts—albeit allegedly flawed—to provide treatment, evaluate Plaintiff's condition, and manage her care. Am. Compl. ¶¶ 225, 226, 284, 351, 462. The presence of such efforts is fundamentally inconsistent with the type of deliberate or malicious conduct necessary to support an IIED claim.

Accordingly, because the Amended Complaint fails to plausibly allege extreme and outrageous conduct, intent or recklessness, or the type of severe emotional distress required to sustain a claim, Plaintiff Spell's claim for intentional infliction of emotional distress fails as a matter of law and should be dismissed with prejudice.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

CASE NO.: 26-60913-CV-MIDDLEBROOKS

## <u>CONCLUSION</u>

In conclusion, the above-referenced claims must be dismissed with prejudice for failure to state a claim. For the foregoing reasons, Defendant, The David Lawrence Center, respectfully requests that this Court enter an Order dismissing Plaintiff Joza's Amended Complaint as to Counts 1, 3, 4, and 5 with prejudice; Plaintiff Spell's Amended Complaint as to Count 5; and such further relief as this Court deems just and proper.

CASE NO.: 26-60913-CV-MIDDLEBROOKS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of June, 2026, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant THE DAVID LAWRENCE CENTER*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (305) 350-5318
Facsimile (305) 373-2294
Primary e-mail: frances.allegra@csklegal.com
Secondary e-mail: bernadette.gomez@csklegal.com

By:  s/ Bernadette M. Gomez
FRANCES P. ALLEGRA
Florida Bar No.: 881368
BERNADETTE M. GOMEZ
Florida Bar No.: 1031423

0451.0606-00